IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-357-D

| | |
|---|---|
| 3C PACKAGING, INC., <br><br> Plaintiff <br><br> v. <br><br> KVK-TECH, INC., <br><br> Defendant. | **STIPULATION AND CONSENT PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon joint motion by the parties and it appearing that the discovery process in this action will involve the production of documents and information that parties and non-parties may contend is confidential and/or proprietary and that good cause exists for the entry of an Order limiting the disclosure of such information, the Court hereby GRANTS the parties' joint Motion and enters the following Protective Order to govern discovery and exchange of documents, electronic data, things, information, testimony, and/or other evidence that the parties, or any non-parties, may consider to be confidential information.

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED by and among the undersigned parties, and it is hereby ORDERED by the Court, that:

**Materials Covered**

1. This Stipulation and Protective Order shall apply to all information and materials disclosed during the course of the above-captioned litigation by any party or non-party, regardless of whether the information or materials are produced or disclosed by a party or non-party, including but not limited to information disclosed (hereinafter "Litigation Materials"):

(a) during discovery, hearing, or trial;

(b) in any pleading, document, affidavit, brief, motion, transcript or other writing; or

(c) in testimony given in a deposition, hearing or trial, and any copies, notes, abstracts or summaries of such information

(d) through subpoena or other informal disclosure from non-parties.

**Method of Designation**

2. Any party or non-party that discloses information and materials in connection with this litigation may designate as "Confidential" any portion of any Litigation Materials as follows:

(a) Documents or other tangible Litigation Materials produced by a party may be designated as "Confidential" by stamping or writing the appropriate legend on the document or other Litigation Materials at or before production.

(b) Deposition testimony may be designated as "Confidential" by any one of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; (ii) by sending written notice designating information as "Confidential" within 21 days of the transcript being signed by the witness, or 21 days after the deadline for signature of the witness has expired. All information disclosed during a deposition shall be deemed to have been designated "Confidential" until 21 days after the transcript has been signed by the witness, or 21 days after the deadline for signature of the witness has expired, whether or not portions of the transcript have been previously so designated.

(c) Where only parts of Litigation Materials are claimed to be confidential, counsel claiming confidentiality shall, with particularity, designate the parts of said

materials for which confidentiality is claimed, and only those parts particularly described shall be subject to this Stipulation and Protective Order.

(d) Inadvertent failure to designate documents or testimony as "Confidential" at the time of production or disclosure shall not operate to waive a party's right to later designate such material or information as "Confidential," but no party shall be held in breach of this Stipulation and Protective Order if, in the interim, such material or information has been disclosed to the Court or any person(s) not authorized to receive "Confidential" materials and information under this Stipulation and Protective Order, or has been used in a manner inconsistent with this Stipulation and Protective Order. Once such a belated designation has been made, however, the relevant materials or testimony shall be treated as "Confidential" in accordance with this Stipulation and Protective Order.

3. Any party or non-party that discloses information and materials in connection with this litigation may designate as "Highly Confidential – Attorneys Eyes Only" any portion of any Litigation Materials in the same method as described in paragraph 2. The "Highly Confidential – Attorneys Eyes Only" designation is reserved for confidential information that is subject to an existing non-disclosure agreement or confidential information that constitutes, reflects, or concerns, trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Litigation Materials.

**Treatment of "Confidential" Materials**

4. No copies of "Confidential" Litigation Materials shall be made except to the extent necessary for the preparation of this action for depositions, hearings and/or trial. Copies shall only be made internally by the party or entity receiving said "Confidential" Litigation Materials and

shall not be submitted to an outside or third-party copy or similar service. Any person responsible for making such copies must ensure that the copies adequately reflect the "Confidential" designation.

5. Litigation Materials designated as "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

    (a)    the Court;

    (b)    court reporters who record depositions or other testimony in this case;

    (c)    counsel of record to the parties in the litigation, co-counsel of record, and the legal associates, paralegals and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the litigation;

    (d)    parties, and those directors, officers and employees of the parties who are assisting in the litigation;

    (e)    experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial;

    (f)    potential deposition and potential trial witnesses if the disclosing party is the party who marked the materials "Confidential" and to the extent reasonably necessary by counsel to adequately prepare such witnesses to testify; and

    (g)    any mediator and/or arbitrator selected with the consent of all parties or by the Court;

    (h)    any other person upon the written agreement of the party who produced or disclosed the "Confidential" information (which written agreement may be recorded on a deposition or other transcript), or pursuant to court order.

6. All persons authorized by this Stipulation and Protective Order to receive information from Litigation Materials designated "Confidential" shall maintain such information as confidential in accordance with this Stipulation and Protective Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation, and neither Litigation Materials designated "Confidential" nor the contents thereof shall be used for any other purposes including, without limitation, business, commercial, or competitive purposes.

7. All persons or entities who are not a party (or an officer, director, or employee of a party to this litigation) to this Stipulation and Protective Order who are to receive "Confidential" information under this Stipulation and Protective Order (other than the Court and court reporters) shall be provided with a copy of this Stipulation and Protective Order, and, if not a lawyer acting as counsel to a party or an employee of such counsel, shall, in a written and signed Certificate in the same form annexed hereto as Exhibit A, state that he or she has read the Stipulation and Protective Order and agrees to be bound by the terms thereof. Counsel of record for the party procuring the Certificate shall then retain the Certificate until the conclusion of the litigation, and shall make such Certificate(s) available to counsel for the producing party upon written request, provided that there shall be no such requirement to provide a Certificate signed by an expert witness who is not designated to provide testimony at the trial or other proceedings in this action (i.e. a consulting expert).

8. Hard-copy data and files containing Litigation Materials designated as "Confidential" shall be stored in a restricted location (i.e., private office of an individual who has been informed of this Confidentiality Agreement). Drafts and hard copy data containing Litigation Materials designated as "Confidential" that are no longer necessary will be shredded to protect

said Litigation Materials designated as "Confidential". Subject to the provisions of paragraph no. 16 hereinbelow, at the end of the litigation either by settlement or final judgment or order, a certification (signed by an authorized representative) will be delivered by all such individuals or entities possessing or having possessed such Litigation Materials designated as "Confidential" certifying that the Litigation Materials designated as "Confidential" have been shredded and/or that the electronic files containing Litigation Materials designated as "Confidential" have been appropriately destroyed.

**Treatment of "Highly Confidential – Attorneys Eyes Only" Materials**

9.      All information designated as "Highly Confidential – Attorneys Eyes Only" shall be treated as "Confidential" materials as described above except as modified by this paragraph. All information designated as "Highly Confidential – Attorneys Eyes Only" shall be maintained in confidence for use by the attorneys of the parties, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person other than those listed in subparagraphs (a), (b), (c), (e), (f), (g), and (h) of Paragraph 5 above. These materials may not be disclosed to parties to this litigation that are not the producing or designating party.

**Non-Parties**

10.     Information designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" and produced during the course of this litigation by non-parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A non-party who produces information during the course of this litigation shall have all of the rights of a producing party with respect to protection of information under the terms of this Stipulation and

Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

**<u>Disclosure</u>**

11. In the event that information from Litigation Materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Stipulation and Protective Order, or if a person so authorized breaches any of his obligations under this Stipulation and Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach to counsel of record for the party who initially produced the Litigation Materials, and also shall disclose the circumstances of the unauthorized disclosure or breach. All persons bound by this Order are notified that if this Order is violated, the Party or other person or entity who commits a violation may be subject to any sanctions that a court, on motion after hearing, deems just.

**<u>Use in Court</u>**

12. If Litigation Materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" or quotes from or references to such materials, are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential—Subject to Court Order" and, unless otherwise agreed by counsel or required by the Court, shall be filed in a sealed envelope marked "Confidential—Subject to Court Order" and kept under seal and not disclosed to any person unless ordered by this Court. When "Confidential" or "Highly Confidential – Attorneys Eyes Only" Litigation Materials are proposed to be filed in the Court record under seal, the filing party shall follow the procedures for sealed filing with the Court's electronic docket. Additional means to preserve the confidentiality of information presented at a

hearing or the trial of this action shall be considered by the Court at or prior to the beginning of such hearing or trial.

13. Nothing herein shall prevent any of the parties from using "Confidential" or "Highly Confidential – Attorneys Eyes Only" Litigation Materials in connection with any trial, hearing, or other proceeding in this matter or from seeking further protection with respect to the use of any such "Confidential" or "Highly Confidential – Attorneys Eyes Only" materials in connection with such trial, hearing or other proceeding in this matter.

**Objections to Confidential Treatment**

14. If any party objects to the designation of any Litigation Materials as "Confidential" or "Highly Confidential – Attorneys Eyes Only," the party shall state the objection by letter or e-mail to counsel for the party making the designation. If the parties are then unable to timely resolve the objection, any party may move the Court for a determination of the continued status of the designation and the designating party shall have the burden of showing the propriety of the designation. Designation of any Litigation Materials as "Confidential" or "Highly Confidential – Attorneys Eyes Only" shall not create any presumption that the designated materials qualify for confidential treatment. Until the Court rules on any such motion, the Litigation Materials shall continue to be deemed "Confidential" or "Highly Confidential – Attorneys Eyes Only" under the terms of this Stipulation and Protective Order.

**Subpoena by Third-Party**

15. If a party in possession of Litigation Materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" receives a subpoena from a non-party to this Stipulation and Protective Order seeking production or other disclosure of "Confidential" or "Highly Confidential – Attorneys Eyes Only" Litigation Materials, it shall immediately give

written notice to the party or counsel for the party who designated the materials as "Confidential" or "Highly Confidential – Attorneys Eyes Only," identifying the confidential material sought and enclosing a copy of the subpoena. Where possible, at least 10 days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made pursuant to the subpoena before such notice is given.

**<u>Conclusion of Litigation</u>**

16. Within 60 days of the conclusion of this litigation, including any post-trial motions or appellate proceedings, unless directed otherwise by the Court, counsel of record for the parties shall arrange for the disposition of all Litigation Materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Stipulation and Protective Order, and shall either agree to destroy all such materials or return them to counsel for the party who initially produced the Litigation Materials (at that party's option and expense), except that counsel may retain Litigation Materials constituting the party's work product, copies of court filings and official transcripts and exhibits, and also except counsel may retain all Litigation Materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" for such period of time as required by any applicable State Court Rule, and for the period of any applicable statute of limitations, provided said retained documents are kept under seal and that the "Confidential" or "Highly Confidential – Attorneys Eyes Only" information contained therein will continue to be treated as provided herein. The parties will agree in good faith to reasonable extensions of time to complete the return or destruction of "Confidential" or "Highly Confidential – Attorneys Eyes Only" information, if necessary. The provisions of this Stipulation

and Protective Order shall not terminate upon the conclusion of this action, and the Court will retain jurisdiction to enforce it.

**Privileged Documents**

17. In the event documents which are claimed to be privileged are inadvertently produced, such documents shall be returned by the receiving parties to the producing party within five (5) days of any written request therefor (if counsel for the receiving party receives documents that it reasonably believes to be privileged and reasonably believes to have been inadvertently produced, counsel for the receiving party shall make reasonable efforts to notify counsel for the producing party and clarify whether a particular document(s) are privileged and were inadvertently produced), unless the receiving parties challenge the privileged nature of the document(s), in which case the producing party shall make application to the Court for return of the document(s). While such application is pending, the receiving parties shall not use or divulge the contents of such document(s) except to the Court under seal. The inadvertent production of any document claimed to be privileged shall not constitute a waiver of any such privilege.

**Reservations of Rights**

18. Nothing in this Stipulation and Protective Order shall prevent any party from disclosing under a duty of confidentiality its own confidential information to any person as it deems appropriate, and any such disclosure under a duty of confidentiality shall not be deemed a waiver of any party's rights or obligations under this Stipulation and Protective Order.

19. No action taken under this Stipulation and Protective Order shall constitute a waiver or admission that any specific document, material, testimony, object, or item: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3)

constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing.

20. Nothing herein shall be construed to restrict any party's use of information or documents that it possessed or knew prior to disclosure by another party. Moreover, nothing herein shall be construed to restrict any party's use of information that is public knowledge or which shall become public knowledge during the course of this Litigation, or is independently developed or acquired from an independent source.

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

We Consent:

This, the 29th day of May, 2020.

    /s/ Christopher A. Page
CHRISTOPHER A. PAGE
N.C. State Bar No. 19600
MATTHEW C. BURKE
N.C. State Bar No. 52053
YOUNG MOORE AND HENDERSON, P.A.
Post Office Box 31627
Raleigh, North Carolina 27622
Telephone: (919) 782-6860
Facsimile: (919) 782-6753
E-mail: chris.page@youngmoorelaw.com
E-mail: matthew.burke@youngmoorelaw.com
*Attorneys for Defendant*

    /s/ William C. Smith, Jr.
William C. Smith, Jr.
N.C. State Bar No.: 14199
Manning Fulton & Skinner PA
3605 Glenwood Avenue, Ste. 500
Post Office Box 20389
Raleigh, N.C. 27619-0389
*Attorney for Plaintiff*

*********************

## COURT'S APPROVAL AND MODIFICATION

The court hereby GRANTS the parties' joint motion for a protective order [DE #22] and APPROVES and ADOPTS the terms of the parties' proposed Stipulation and Consent Protective Order Regarding Confidential Information [DE #22-1], subject to the following modifications:

1. A party or non-party may designate any documents or information as "Confidential" or "Highly Confidential – Attorneys Eyes Only" under the terms of this Protective Order only if the producing party believes in good faith that such documents or information qualify for protection under Federal Rule of Civil Procedure 26(c).

2. Paragraph 12 is stricken and the following language in inserted in its place:

12. The provisions of Local Civil Rule 79.2, E.D.N.C., and Section V.G of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents. Prior to filing with the court any documents or information designated "Confidential" or "Highly Confidential – Attorneys Eyes Only," counsel for the filing party shall confer with counsel for the party that produced the confidential information about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, with notice served upon the producing party. Within fourteen (14) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the court a motion to seal and supporting memorandum of law specifying (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. *See* ECF Admin. Policies & Proc. Manual § V.G.1, E.D.N.C. (Mar. 2017).

SO ORDERED, this 15th day of June 2020.

_____<br>
KIMBERLY A. SWANK<br>
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION

I have read the annexed Stipulation and Protective Order, understand its contents, and hereby undertake to make no disclosures of Litigation Materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" to any person who is not permitted to have access to such materials by this Stipulation and Protective Order. In addition, I agree not to use such Litigation Materials for any purpose whatsoever other than related to this litigation. I understand that a violation of this undertaking could be punishable as a contempt of court.

Date _____ Name _____
                                                                             (print or type)

                                                  Signature _____

SWORN TO and subscribed before me
This, the \_\_\_\_\_ day of _____, 20\_\_\_.

_____
Notary Public

_____
Printed Name of Notary

My Commission Expires: _____